[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL BACKGROUND:
This is an action to collect on a variable rate commercial CT Page 11133 mortgage note dated March 12, 1987, in the original principal amount of $350,000 and a guarantee endorsement of the same date. The defendant has filed an answer, special defenses, and counterclaim.
The defendant's special defenses are 1) The plaintiff is barred from collecting on their debt because plaintiff (a foreign limited partnership) and its predecessor (a foreign corporation) conducted business within this state without authorization; 2) The plaintiff is not a holder of the note because the plaintiff did not pay sufficient consideration for the assignment of the note; 3) The guarantors' obligations have been discharged because plaintiff failed to preserve the value of the collateral; 4) This action is barred by the doctrine of res judicata. The defendants further maintain in the first count of their counterclaim that the plaintiff was negligent in the prosecution of a prior action on the note. That prior action was withdrawn.
An affidavit has been submitted by Attorney Patrick Boatman who states that he was counsel for this defendant in a prior action known as D.A.N. Joint Ventures v. Sport-Com Associates, etal, or Cadle Company v. Sport-Com Associates, et al, C.V. 94-0530897S J.D. New London at New London. Mr. Boatman states that the complaint in that case was identical and that the parties were identical to the present action. He further states that on the morning of the trial, February 14, 1996, Attorney Thomas Eagan representing the plaintiff asked if Mr. Boatman would consent to the withdrawal of a plaintiffs complaint. Mr. Boatman refused and then states that to the best of his knowledge Attorney Eagan neither sought nor obtained the permission of any judge to withdraw the case. Attorney Eagan simply filed a withdrawal, stated this fact to Attorney Boatman and to Judge Hurley, and departed the courtroom.
The withdrawal which was filed is the standard Connecticut withdrawal form J.D.-CV-41 Rev. 1/96. That form provides blocks to check to indicate the occasion of the withdrawal. Under the court intervention section the withdrawal may be shown to occur at a "pre-trial conference" at a "trial management conference" or at "commencement of the trial (court trial — first witness sworn; jury trial — jurors sworn)". On the withdrawal that was filed by Attorney Eagan "commencement of the trial" is checked.
DISCUSSION:

CT Page 11134 1) Transacting business within the State of Connecticut without authority
Connecticut General Statutes Section 33-2-920(a) provides:
 a foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State.
Section 34-381 similarly prohibits foreign limited partnerships from transacting business in state without authorization. The corporation statute exempts "securing or collecting debts of enforcing mortgages and security interests in properties securing the debt."
The limited partnership statute exempts "maintaining or defending any action or suit" and "collecting debts" due to the partnership from the definition of transacting business.
There are affidavits attesting to the fact that Cadle Company was in the business of purchase and liquidation of bank loan portfolios. Any affidavit by Attorney Martha C. Rainey attests to the fact that her search of court records in Hartford-New Britain and Tolland Judicial Districts on February 9, 1996, reflected thirty-four separate actions in which Cadle Company was plaintiff
This court finds that there is a dispute of fact as to whether or not the defendant was doing business in Connecticut by engaging in systematic collection actions which extended beyond the exemption contained in Section 33-920(b) and Section 34-380(b). Since the court finds that there is an issue of disputed fact the motion for summary judgment is denied as to the first special defense.
2. Plaintiff as a holder of the note.
In its next special defense, the defendant contends that since both plaintiff and the plaintiffs predecessor in interest, Cadle, paid inadequate and/or no consideration for the note the plaintiff is neither a holder nor a holder in due course of the note.
Connecticut General Statutes Section 42a-1-201(20) defines the holder of a negotiable instrument as:

CT Page 11135 The person in possession if the instrument is payable to bearer, or, in the case of an instrument payable to an identified person, if the identified person is in possession. . .
The Allonge to the Promissory note from Heller contains the express language, "pay to the order of D.A.N. Joint Venture, A Limited Partnership without recourse." Thus it appears to the court that under the Uniform Commercial Code the plaintiff is a holder, although perhaps not a holder in due course. Accordingly, summary judgment is granted in favor of the plaintiff as to this special defense.
3. Reasonable steps to preserve the value of the collateral.
Section 42a-3-605(e) of the Connecticut General Statutes provides in pertinent part:
 (e) [I]f the obligation of a party to pay an instrument is secured by an interest in collateral, and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an endorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment.
Section 42-3-605(i) provides that a party to an agreement can waive discharge either by specific or general language indicating that the parties waive defenses based upon impairment of collateral or suretyship.
In the instant case the guarantee agreement provides:
 The undersigned hereby unconditionally guarantees to [United] and every subsequence holder of said note, irrespective of the genuiness, the validity, regularity, or enforceability thereof or of any security therefore or the existence or the extent of any such security or of any other circumstance, the prompt payment of said note and all sums stated therein to be payable.
The collateral involved in the instant case was sold by the City of New London at a tax sale. The court finds, first, that the guarantors waived any right to objection to impairment of collateral and second, and more importantly, although not argued by the moving party, the court fails to see why the plaintiff had CT Page 11136 any obligation to pay the taxes or to purchase the property at the tax sale.
Summary judgment is granted to the plaintiff with regard to this specific defense.
4. Effect of earlier New London action on the matter before thecourt.
The defendants claim that the pending action is in some manner effected by the earlier and withdrawn New London action raises difficult questions. Section 52-80 provides:
 The plaintiff may withdraw any action so returned to, and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown. [emphasis supplied]
The court has before it the affidavit of Attorney Boatman which states "Attorney Thomas J. Eagan, then representing the same plaintiff, asked me if I would consent to his withdrawal of the plaintiffs case. I refused. To the best of my knowledge, Attorney Eagan neither sought nor obtained the permission of any judge to withdraw the plaintiffs case. Attorney Eagan simply filed a withdrawal, stated this fact to me and to the Honorable Michael D. Hurley in my presence, and departed the courtroom."
The withdrawal that was filed says on its face that it was filed at "commencement of trial (court trial — first witness sworn; jury trial — that jurors sworn)."
The court finds that it is unclear whether the withdrawal in the present case was "before the commencement of a hearing on the merits thereof." However, since it is clear that no judgment was entered, the court finds no basis for the defendant's claim that the New London action is res judicata as to the instant matter. Accordingly, the court finds that Section 52-80 does not supportres judicata as a special defense. The motion for summary judgment as to this defense is granted.[1]
DEFENDANT'S COUNTERCLAIM
CT Page 11137
Defendants assert in their counterclaim that the plaintiff was negligent by allegedly failing to prepared adequately for the trial scheduled in the first action which lack of preparation allegedly prompted the former counsel to withdraw the first action. In order to prevail on this count the defendants must prove that the plaintiff owed a duty in the first action.Montinieri v. Southern New England Telephone Co., 175 Conn. 337,341 (1978). The plaintiffs motion for summary judgment on the counterclaim is denied. The plaintiff argued "unquestionably, plaintiff owed no duty to defendants in the first action." However, one view of the facts would allow a determination that the plaintiff in the New London action withdrew a case when the withdrawal required court approval and failed to obtain it. It would appear that the requirement of court approval under the circumstances of Section 52-80 is for the protection of the opposition. This court is not prepared to find the absence of a duty in the plaintiff. Summary judgment is denied.
CONCLUSION
Summary judgment is granted as to special defense number 2, 3 4 in this opinion.
Summary judgment is denied as to special defense 1 and the defendant counterclaim.
Booth, J.